UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET FAVREAU, et al.,<br><br>                              Plaintiffs,<br><br>     v.<br><br>THE CITY OF ESCONDIDO, et al.,<br><br>                              Defendants. | CASE: 10-CV-2348 W (WVG)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT UNDER RULE 54(b) [DOC. 45]** |

   Pending before the Court is Plaintiffs' motion for judgment under Federal Rule of Civil Procedure 54(b).  (*Pls.' Mot.* [Doc. 45]; *see also Pls.' Reply* [Doc. 47].)  Plaintiffs ask this Court to enter judgment in favor of Defendant Timothy Reiley, a detective for the City of Escondido Police Department, so that they may immediately appeal this Court's March 12, 2012 order granting in-part and denying in-part summary judgment for Defendants.  (*See id.*; *Court's MSJ Order* [Doc. 43].)  If judgment under Rule 54(b) is entered, then Plaintiffs also seek a stay of the remaining unadjudicated claims.  (*See Pls.' Mot.*)  Defendants oppose.  (*Defs.' Opp'n* [Doc. 46].)  The Court considers the matter on the papers submitted and without oral argument.  See S.D. Cal. Civ. L. R. 7.1(d)(1).  For the reasons below, the Court **DENIES** Plaintiffs' motion for judgment.

## I. BACKGROUND

This case concerns the death of Jennifer Favreau, a confidential informant for the City of Escondido Police Department ("Escondido Police").[1]  On October 15, 2009, Jennifer was shot and killed by Escondido Police Detective Timothy Reiley during the arrest of her boyfriend, Christopher Ramirez.  The arrest operation was supervised by Detective Roger Cirilo.

Plaintiffs are Jennifer's mother, Janet Favreau, and minor daughter, D.F., proceeding individually and as Jennifer's successors-in-interest.  (*See Compl.*)  On November 15, 2010, Plaintiffs filed suit against the City of Escondido ("City"), Detective Reiley, Detective Cirilo, and Chief of Escondido Police Jim Maher.  (*See id.* at 1-2.)  Plaintiffs alleged various federal and state-law causes of action against Reiley and Cirilo, including (1) use of excessive force under the Fourth Amendment, (2) violation of Jennifer's Fourteenth Amendment due process rights, (3) deprivation of Plaintiffs' Fourteenth Amendment right to a familial relationship with Jennifer, (4) negligence, (5) and violation of California Civil Code §52.1, a state civil rights statute.  (*See Compl.*)  Plaintiffs also asserted *Monell* supervisory liability and negligent supervision against the City and Chief Maher.  (*See id.*)

On March 12, 2012, the Court granted summary judgment for Detective Reiley on each of Plaintiffs' claims.[2]  (*See Court's MSJ Order.*)  At the same time, the Court denied summary judgment for Detective Cirilo on the Fourteenth Amendment and negligence claims.  (*See id.*)  The Court withheld judgment on the claims against Cirilo

---

[1] For a complete recitation of the facts, see this Court's March 12, 2012 order granting in-part and denying-in part summary judgment for Defendants.  (*See Court's MSJ Order* 2-8.)

[2] In their complaint, Plaintiffs also appeared to assert equal-protection and zone-of-privacy claims against all Defendants.  (*See Compl.* 8, 11; *Court's MSJ Order* 19 n.15.)  The Court expressly declined to decide those claims in its March 12, 2012 order, because they were not briefed by the parties.  (*See id.*)  It is clear now that Plaintiffs did not intend to assert those claims against Reiley, or have at least abandoned those claims against Reiley by filing the present motion for judgment.  (*See Pls.' Mot.* 6) ("[T]his court issued an order granting summary judgment in Reiley's favor on *all* of the claims against him.") (emphasis added.)

because they were not fully briefed by the parties. (*See id.* at 28-29, 38.) The Court also denied summary judgment on the *Monell* and negligent supervision claims against Chief Maher and the City. (*See id.* at 29-30, 41-42.) Plaintiffs now seek entry of judgment for Detective Reiley on all claims. (*Pls.' Mot.* 5, 8.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) permits the district court to direct entry of final judgment on individual claims in a multi-claim or multi-party action "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The rule allows the district court to "determine, in the first instance, the appropriate time when each 'final decision' upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956). Application of Rule 54(b) is a two-step process. First, the court must ensure that it has, in fact, "rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim." Wood v. GCC Bend, LCC, 422 F.3d 873, 878 (9th Cir. 2005). Second, the court must weigh concerns of efficient judicial administration against the equitable interests of the parties at hand. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).

## III.   DISCUSSION

### A.   Final Judgment

As a threshold matter, the Court "must first determine that it is dealing with a 'final judgment.'" Curtiss-Wright, 446 U.S. at 7. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an 'ultimate disposition of an individual claim.'" Id. Finality for purposes of Rule 54(b) is governed by the same standard of finality applicable to suits generally. See Az. State Carpenters Pension Trust Fund v. Miller, 938 F.2d 1038, 1039-40 (9th Cir. 1991). "A decision is final . . . if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Id. at 1039 (quoting Gulfstream

Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988)).

The parties do not dispute that this Court's March 12, 2012 order finally adjudicated all of Plaintiffs' claims against Detective Reiley. (*Pls.' Mot.* 6; *Defs.' Opp'n* 2.) The Court agrees. There may be similar claims remaining against Cirilo, Maher, and the City, but with respect to Reiley, nothing is left to do but enter judgment. Miller, 938 F.2d at 1039-40; see also Horn v. Transcon Lines, Inc., 898 F.2d 589, 593 (7th Cir. 1990) ("Rule 54(b) allows the district court to enter a final judgment when it has resolved *all claims concerning a single party*, or has wrapped up a single claim with respect to all parties.") (emphasis added) (Easterbrook, J.).

### B.     Interests of Judicial Administration

Next, the Court must consider whether "judicial administrative interests" justify delay of immediate appeal. Curtiss-Wright, 446 U.S. at 8. On this point, the Ninth Circuit has clearly warned against using Rule 54(b) to permit "peicemeal appeals in cases which should be reviewed only as single units." Wood, 422 F.3d at 879 (quoting McIntyre v. United States, 789 F.2d 1408, 1410 (9th Cir. 1986)). This is particularly true when judgment is sought on claims that share common factual issues with unadjudicated claims. Id.; Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). Such a case would spawn "successive appeals that would turn largely on identical, and interrelated, facts." Wood, 422 F.3d at 880.

That is not to say, however, that Rule 54(b) requires adjudicated claims to be wholly separate and independent from those remaining. Alcan Aluminum Corp. v. Carlsberg Fin. Corp., 689 F.2d 815, 817 (9th Cir. 1982). Judgment on a related claim may still be appropriate when it serves to "streamline the ensuing litigation." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). It may also be appropriate when the interests of the parties outweigh the interests of the judicial system, that is, when judgment is "necessary to avoid a harsh and unjust result." Archer, 655 F.2d at 965.

Plaintiffs' claims against Reiley arise from the same core of facts as those against Cirilo, Chief Maher, and the City. This is particularly true with respect to Reiley's and

Cirilo's liability for Jennifer's death. The facts and concerns underlying Reiley's justified use of force against Christopher Ramirez are, in significant part, the same as those going to Cirilo's purported negligence and deliberate indifference. Each claim must be analyzed in light of what Reiley, Cirilo, or a reasonable officer in the same circumstances perceived prior to the shooting. Considering the parties' significant monetary stakes in this litigation, and the complex constitutional issues implicated by Jennifer's death, it is apparent to the Court that any judgment at this level will be appealed by the non-prevailing party to the Ninth Circuit. Thus, by splitting the case now, the Court would effectively be permitting "successive appeals that would turn largely on identical, and interrelated, facts." Wood, 422 F.3d at 880.

Nevertheless, Plaintiffs contend that an immediate appeal on claims against Reiley will promote efficient resolution of the remaining claims. (*Pls.' Reply* 5.) According to Plaintiffs, "[a]n immediate appeal will necessarily clarify or curtail the Favreau's [sic] excessive force claims, and will streamline the litigation." (*Id.*) Plaintiffs also point to the inefficiency of two different trials—one on the claims against Cirilo, Maher, and the City, and one on the claims against Reiley after this Court's March 12, 2012 order is reversed on direct appeal. (*Id.* at 9.) But these rationales could apply to any case in which some claims are disposed of prior to trial. It does not follow that Rule 54(b) judgment should therefore be granted as a routine matter. See Curtiss-Wright, 446 U.S. at 10 ("Plainly, sound judicial administration does not require Rule 54(b) requests be granted routinely."). In granting partial summary judgment on some claims or for some parties, every district court risks the potential of a second trial following direct appeal. That risk is inherent in our appellate system of justice. Rule 54(b) is more concerned with successive appeals on the same facts, not successive trials on the same facts. See Wood, 422 F.3d at 880, 882.

Moreover, even though immediate appellate review would "necessarily clarify or curtail" Reiley's liability under a theory of excessive force, the excessive force issue alone does not cut across, cut out, or curtail a significant number of other claims. See id. at 881. Should the Ninth Circuit decide that the Fourth Amendment is implicated

by Jennifer's shooting, then Reiley's liability to Jennifer under the Fourteenth Amendment would be precluded, and the City's *Monell* liability for Reiley's actions would become a ripe issue. See Graham v. Connor, 490 U.S. 386, 388 (1989) (seizure is analyzed under Fourth Amendment, not Fourteenth). But this still leaves more than half of Plaintiffs' claims to be resolved based solely on Cirilo's alleged misconduct and Chief Maher's failure to supervise.

Nor does the Court believe that granting judgment for Reiley will "streamline the litigation" at this point. (*See Pls.' Reply* 5.) The problem is that in addition to judgment Plaintiffs are also seeking a stay pending immediate appeal. (*See Pls.' Mot.*) Defendants do not challenge a stay if judgment is granted—they would prefer to litigate in one forum rather than two. (*Defs.' Opp'n* 12.) Thus, if this Court grants judgment, then an appeal will commence against Reiley, all proceedings at this level will be delayed for potentially one to two years, and the matter may come back with even more issues for trial. On the other hand, the Court's March 12, 2012 order may be affirmed in all aspects, resulting in a trial that was unnecessarily delayed for an extensive period of time. Under these circumstances, the Court does not agree that the combination of judgment with a stay "streamlines" the present litigation.

Finally, Plaintiffs warn that if immediate review is not granted for their claims against Reiley, they will complicate the instant proceedings by continuing to seek reconsideration of this Court's March 12, 2012 order. (*Pls.' Reply* 4.) Plaintiffs have that right under the second part of Rule 54(b). See Fed. R. Civ. P. 54(b). If Plaintiffs can meet the burden of demonstrating that this Court erred in its earlier order, then successive appeals on their claims becomes unnecessary. Wood, 422 F.3d at 823.

Therefore, the Court concludes that the interests of judicial administration weigh against judgment under Rule 54(b).

### C.   Interests of the Parties

The Court must also consider the traditional equitable interests of the parties, such as prejudice and delay. Gregorian v. Izvestia, 871 F.2d 1515, 1519 (9th Cir. 1989).

In a case like this, where the interests of judicial administration disfavor an immediate appeal, judgment under Rule 54(b) "will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." Archer, 655 F.2d at 965. Plaintiffs contend that their entire case (and possibly Reiley's) will be prejudiced without immediate appeal of the claims against Reiley. (*See Pls.' Mot.*)

First, Plaintiffs contend that Cirilo's defense at trial might change based on the lack of excessive-force allegations against Reiley. (*Pls.' Mot.* 8-9.) Specifically, Cirilo is more likely to argue that Reiley's use of deadly force against Christopher Ramirez was unforeseeable. (*Id.*) This, according to Plaintiffs, could be disadvantageous for Reiley if his case returns after appeal. (*Id.* at 9.) Perhaps, but Cirilo can and should assert any defenses applicable to his case, regardless of the allegations against Reiley. The theories of liability against Cirilo and Reiley, although hinging on similar facts, are distinct. If Cirilo is entitled to defend himself on grounds of unforeseeability, then evidence should be presented on that point. If for some reason this evidence tends to disprove or create an issue of material fact in Reiley's case, then Plaintiffs may seek reconsideration of the March 12, 2012 order. Fed. R. Civ. P. 54(b).

Next, Plaintiffs contend that summary judgment on the excessive force claims severely limits their ability to show that Cirilo's actions or inactions were a substantial factor in bringing about Jennifer's death. (*Pls.' Mot.* 12.) It is not clear that this is true. Even if Reiley was justified in using deadly force against Ramirez, it does not follow that Cirilo's purported mismanagement of the situation was not also a substantial factor in Jennifer's death. See Kennedy v. City of Ridgefield, 439 F.3d 1055 (9th Cir. 2006) (deliberate indifference action against police officer could be stated even though victim was shot by a third-party). Nor does it follow that Cirilo's liability will be adjudicated under a restricted set of facts. (*See id.*) Plaintiffs are entitled to submit all relevant, admissible evidence towards Cirilo's liability. If certain facts that would otherwise go to Reiley's liability are not relevant to Cirilo's, then the trier of fact should not be considering them against Cirilo anyways.

Finally, Plaintiffs contend that a jury is less likely to award damages for Jennifer's

death when her shooting has already been deemed justified. (*Pls.' Mot.* 12.) This argument is not only speculative, it appears to hinge on the belief that the case against Cirilo is somehow compromised without the case against Reiley. (*Id.*) Again, Plaintiffs do not explain specifically why this is true. See Archer, 655 F.2d at 965. If the claims against Cirilo, Maher, and the City go to trial, then a trial on those legal theories will be conducted, and all relevant, admissible evidence will be considered. The fact that some of that evidence also goes to issues resolved in favor of Reiley does not affect Plaintiffs' ability to raise it against the remaining Defendants.

Therefore, the potential prejudice to the parties does not weigh in favor of judgment.

## IV. CONCLUSION

For these reasons, the Court **DENIES** Plaintiffs' motion under Rule 54(b).

**IT IS SO ORDERED.**

DATED: June 11, 2012

_____
Hon. Thomas J. Whelan
United States District Judge