UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET FAVREAU, *et al.*, <br><br>        Plaintiffs,<br>v.<br><br>CITY OF ESCONDIDO, *et al.*,<br><br>        Defendants. | Civil No. 10-CV-2348-GPC (WVG)<br><br>ORDER GRANTING PETITION TO APPROVE MINOR'S COMPROMISE<br><br>[DOC. NO. 75] |

    Pending before this Court is Petitioner Janet Favreau's Petition to Approve Minor's Compromise. (Doc. No. 75.) For the reasons set forth below, Petitioner's Petition is hereby GRANTED, with Option 1 of the payment plan, as recommended by both Plaintiff's counsel and Defense counsel, APPROVED, with the amendments described below.

## I. BACKGROUND

    On November 15, 2010, this case was filed by Petitioner Janet Favreau, the mother of Decedent Jennifer Favreau, and Minor Plaintiff, D.F., daughter of Decedent. Minor D.F. has been represented in this action by Petitioner, her grandmother and Guardian Ad Litem. (Doc. No. 1 at. 2.) On January 18, 2013, Petitioner filed a Notice of Tentative Settlement, which was contingent upon approval by the City Council of Defendant City of Escondido, and approval by this Court of a minor's compromise on behalf of Minor D.F. (Doc. No. 72.)

In the instant Petition, Petitioner notes that she remains willing to serve as Minor D.F.'s Guardian Ad Litem, is fully competent to understand and protect the rights of the minor, and has no interest adverse to that of the minor, including any financial interest in the case, as her claims were summarily dismissed. (Doc. No. 75 at 3.) Petitioner explains that she "prays for assistance in the best interest of the minor for financial support so that D.F. can have some semblance of a normal childhood." Id. Further, Petitioner requests to collect $500 per month from the settlement funds for costs of food, clothing, cell phone, school supplies, and social activities for D.F., to be paid to an unblocked account out of an annuity fund every month. Id.

On March 5, 2013, Petitioner filed the instant Petition to Approve Minor's Compromise, which sets forth three payment plan options for the Court to review and consider. (Doc. No. 75.) The proposed annuity terms, payment plans, and instructions are attached to the instant Petition as Options 1, 2, and 3. (Id; Exh. 2.) On April 5, 2013, the Court held a Hearing on the instant Petition. Mr. Raymond Ryan appeared on behalf of Minor D.F., and Mr. Manuel Valdez participated as a representative of Ringler and Associates, a company that will assist with facilitating the structured settlement. Petitioner and Minor D.F. were also present in the undersigned's courtroom. Mr. Michael McGuinness appeared on behalf of all Defendants.

On April 9, 2013, the Court requested additional information from the San Diego Injury Law Center and the Law Offices of John L. Burris, the two law firms representing Minor D.F. in this litigation. (Doc. No. 78.) In compliance with the Court's Order, both firms provided the requested information. On April 16, 2013, the Court requested additional information from the Law Offices of John L. Burris. (Doc. No. 81.) The Court received the requested information on April 17, 2013.

## II. APPLICABLE LAW

This Court's Local Rule 17.1 addresses settlements for minors and provides in pertinent part,

> (a) Order or Judgment Required.  No action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed

or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue. The parties may, with district judge approval, consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) for entry of an order approving the entire settlement or compromise.[1]

CivLR 17.1(a)

A settlement for a minor, and attorney's fees to represent a minor, must be approved by the court. Cal. Prob. Code § 3601. In addition, reasonable expenses and court costs to be paid out of the settlement must also be approved by the court. Id. To determine whether a request for attorney's fees is reasonable, the court may consider, among other factors, the time and labor required, whether the minor's representative consented to the fee, the amount of money involved and the results obtained, and whether the fee is fixed, hourly, or contingent. Prescott v. County of Stanislaus, 2012 WL 2317542 (E.D. Cal. Jun. 18, 2012.)

The three payment options proposed in the Petition request monthly payments to be made to Petitioner from the settlement for the benefit of Minor D.F. California Code of Civil Procedure Section 372, subdivision (a) reads, in part,

> Any money or other property to be paid or delivered pursuant to the order or judgment for the benefit of a minor...shall be paid and delivered as provided in Chapter 4 (commencing with Section 3600) of Part 8 of Division 4 of the Probate Code.

Cal. Civ. Code § 372.

California Probate Code Section 3601, subdivision (a) reads,

> The court making the order or giving the judgment...as a part thereof, shall make a further order authorizing and directing that reasonable expenses, medical or otherwise and including reimbursement to a parent, guardian, or conservator, costs, and attorney's fees, as the court shall approve and allow therein, shall be paid from the money or other property to be paid or delivered for the benefit of the minor or person with a disability.

Cal. Prob. Code § 3601(a).

Further, California Probate Code Section 3601, subdivision (b)(1), states that the court order required by Section 3601, subdivision (a) above may be directed to, "[a] parent of the

---

[1] On April 11, 2013, the Court Clerk's Office filed a Consent to Exercise of Settlement Jurisdiction by a United States Magistrate Judge, signed by all counsel and the Honorable Gonzalo P. Curiel, United States District Judge. (Doc. No. 80.) The parties have consented to this Court's jurisdiction over the settlement for a period of three months. Id.

minor, the guardian ad litem, or the guardian of the estate of the minor or the conservator of the estate of the person with a disability." Cal. Prob. Code § 3601(b)(1).

### III. RULING

The Court has reviewed Petitioner's Petition to Approve Minor's Compromise, invoices, time sheets, and retainer agreements from the Law Offices of John L. Burris and the San Diego Injury Law Center, considered the sworn testimony of Petitioner, and listened to arguments by counsel for both parties at the Hearing. The Court hereby issues the following orders:

#### A. GUARDIAN AD LITEM

The Court finds that it is in the best interest of Minor D.F. to approve Petitioner Janet Favreau, her grandmother, to remain as her Guardian Ad Litem for purposes of enforcement of the settlement in this action. On April 5, 2013, Petitioner testified in open court at the Minor's Compromise Hearing as to her daily care of D.F., and her future intentions, and the Court is satisfied that Petitioner will continue to be Minor D.F.'s full-time guardian and caretaker, and to remain focused on the best interests of her granddaughter.

#### B. SETTLEMENT

The Court finds the settlement in this case to be fair and in the best interest of Minor D.F. Therefore, the settlement is hereby approved.

#### C. ATTORNEY'S FEES, ADVANCES, AND COSTS
#### 1. ATTORNEY'S FEES

After a thorough review of the accounting, the Retainer Agreement, and the Division of Fees Agreement provided by the San Diego Injury Law Center and the Law Offices of John L. Burris, the Court finds the attorney's fees to be reasonable and appropriate. This case involved the tragic shooting death of Petitioner's daughter (Minor D.F.'s mother). The legal issues were complex and involved. Given the background of Decedent's participation with the Defendant police officers, as well as her history and characteristics, Petitioner's attorneys were confronted with difficult legal and factual issues over the course of this 28-month litigation.

The 25% contingency fee is fair and reasonable under the circumstances and in keeping with local custom and practice. The Court hereby approves the payment of the attorney's fees as set forth in the instant Petition. The Petition requests attorney's fees totaling $62,500.00, to be shared 60% to the Law Offices of John L. Burris, and 40% to the San Diego Injury Law Center. (Doc. No. 75 at 5.) The Law Offices of John L. Burris is to receive $37,500.00 and the San Diego Injury Law Center is to receive $25,000.00. Id.

## 2. ADVANCES TO PETITIONER

After a thorough review of the accounting provided by the San Diego Injury Law Center, the Court finds that the funds advanced to Petitioner by the firm were reasonable, necessary, and provided for the benefit of Minor D.F. The Court hereby approves the reimbursement of the advanced funds to the San Diego Injury Law Center, as set forth in the instant Petition.

## 3. COSTS

The Petition to Approve Minor's Compromise lists the total costs advanced to Petitioner by the Law Offices of John L. Burris as $32,763.45. (Doc. No. 75 at 4.) At the Petition Hearing on April 5, 2013, the Court requested a breakdown of the costs from the Law Offices of John L. Burris. The firm provided a Transaction Detail by Account, which listed $32,763.45 as the total costs advanced to Petitioner by their firm. However, in response to the Court's request for additional information on April 9, 2013, the Law Offices of John L. Burris provided a revised Transaction Detail by Account, which listed the total costs advanced to Petitioner as $36,835.67. On April 17, 2013, in response to another request for additional information, the Law Offices of John L. Burris provided another revised Transaction Detail by Account, which lists the total costs advanced to Petitioner as $40,373.68. Therefore, the Court will use the revised amount of $40,373.68, as the total costs advanced to Petitioner by the Law Offices of John L. Burris.

After reviewing all of the attorney time sheets and invoices lodged with the Court in response to its request, the Court notes that the billings provided appear to be fair, reasonable, and indicate diligent efforts to prosecute the case on behalf of Petitioner and

Minor D.F. However, the Court does find that the Law Offices of John L. Burris is attempting to shift legal fees (characterized as costs) to Minor D.F. that were paid to Ms. Elizabeth Heller Eto, a contract attorney who performed legal research and drafted legal memoranda, functions clearly expected of Mr. Burris and falling within the scope of the Retainer Agreement. The Court finds this cost-shifting to be contrary to the Retainer Agreement between Petitioner and the San Diego Injury Law Center. (Doc. No. 79 at 10.) The relevant paragraph reads, in part, "The fees paid to Attorney by Client pursuant to this Agreement may be shared with associated attorneys, but the total attorneys fees paid by Client will not increase because of any association of counsel." Id.

The Court has also reviewed the retainer agreement provided by the Law Offices of John L. Burris, titled, "Division of Fees Agreement." This Agreement, signed by counsel from both law firms, and Petitioner, simply describes the division of attorney's fees between the two law firms. Neither the Retainer Agreement provided by the San Diego Injury Law Center, nor the Division of Fees Agreement provided by the Law Offices of John L. Burris, provides for additional attorney's fees above and beyond the agreed upon 25% contingency fee noted in the Agreement between Petitioner and the San Diego Injury Law Center.[2/] (Doc. No. 79 at 4.) According to counsel, the Law Offices of John L. Burris did not execute a separate retainer agreement with Petitioner. Consequently, Mr. Burris is bound by and subject to the terms of the Retainer Agreement entered into by and between Petitioner and the San Diego Injury Law Center. (Doc. No. 79 at 3-10.)

Based on the Transaction Detail by Account provided to the Court by the Law Offices of John L. Burris on April 17, 2013, Ms. Eto was paid a total of $27,160.00 for work that she conducted as an attorney on this case. This total is supported either by Ms. Eto's time sheets, checks disbursed to her by Mr. Burris, or the Declaration of Maxine Johnson, Mr. Burris' paralegal (submitted on April 17, 2013). The costs advanced to Ms. Eto for her work as

---

[2/] The Retainer Agreement binding between Petitioner and the San Diego Injury Law Center provides, "The attorney fee for any minor client is 25% of the total recovery for all claims while client is a minor." (Doc. No. 79 at 4.)

counsel associated with this case shall not be recoverable from the settlement. If the Court were to approve reimbursement for the charges by Ms. Eto, then the reality is that the law firms could have contracted with outside counsel for all of the legal work on this case, and claimed all of those charges as recoverable costs in addition to the 25% contingency fee deducted from the settlement. Although it appears that Ms. Eto may have worked with the Law Offices of John L. Burris as an independent contractor in this case, the Court finds that she is an "associated attorney," within the definition of and as described in the Retainer Agreement between Petitioner and the San Diego Injury Law Center. (Doc. No. 79 at 10.) Again, as noted in the Retainer Agreement, "[t]he fees paid to Attorney by Client pursuant to this Agreement **may be shared with associated attorneys**, but the total attorneys fees paid by Client **will not increase** because of any association of counsel." Id. (emphasis added). Therefore, the Court will deduct Ms. Eto's fees from the total costs recoverable.

**After factoring in the adjustments outlined above, the Court hereby approves reimbursement of costs in the amount of $13,213.68, to the Law Offices of John L. Burris.** This total is supported either by invoices, checks disbursed by Mr. Burris, or the Declaration of Maxine Johnson (submitted on April 17, 2013). This amount accounts for the increased amount of costs reflected on the Transaction Detail by Account lodged with the Court on April 17, 2013, and the deduction of $27,160.00 in fees paid to Ms. Eto.

### D. OPTION 1 PAYMENT PLAN

The Court hereby GRANTS the Petition according to the terms of the Petition, amended as follows:

Petitioner Janet Favreau, having been previously appointed Guardian Ad Litem by Judge Powazek from Superior Court in Vista, California on January 8, 2010, shall prosecute the settlement in this action of minor Plaintiff D.F.

The Petition to Approve the Compromise of Minor D.F.'s claim is granted, as amended, and the Court orders the following:

Plaintiff D.F. shall receive $250,000.00 in full settlement from Defendant City of Escondido in exchange for an Order of Dismissal of the entire action, and any and all claims,

and as to all Defendants. Attorney's fees from this settlement shall be 25% of the total recovery, or $62,500. The attorney's fees will be shared between the Law Offices of John L. Burris, receiving $37,500, and the San Diego Injury Law Center, receiving $25,000.

The approved costs advanced to Petitioner by the Law Offices of John L. Burris total $13,213.68,[3/] and shall be recovered out of the settlement. The costs advanced to Petitioner by the San Diego Injury Law Center total $36,266.58, and shall be recovered out of the settlement. Therefore, the total costs and attorney's fees recoverable by the Law Offices of John L. Burris is $50,713.68.[4/]  <u>A check shall be drafted to the Law Offices of John L. Burris in the amount of $50,713.68, to be paid by Defendant City of Escondido.</u>  The costs and attorney's fees recoverable by the San Diego Injury Law Center total $61,266.58. <u>A check shall be made payable to the San Diego Injury Law Center in the amount of $61,266.58, to be paid by Defendant City of Escondido.</u>

After the approved attorney's fees, costs, and advances have been deducted from the settlement, Minor D.F. shall receive a settlement of $138,019.74, from Defendant City of Escondido, which shall be used to purchase an annuity by and through her Guardian Ad Litem, Petitioner Janet Favreau, through Ringler and Associates, who will notice Petitioner to endorse the check. Petitioner shall endorse the check within 24 hours of receiving notice from Ringler and Associates that the check is ready for endorsement. If possible, <u>Ringler and Associates shall purchase the annuity by April 18, 2013</u>, to secure the terms of the

---

[3/] Although the Petition lists the total costs advanced to Petitioner by the Law Offices of John L. Burris as $32,763.45, the revised invoices lodged with the Court reflect a total of $40,373.68. The Court will not approve deductions from the settlement for the costs paid to Ms. Eto, which total $27,160.00. Therefore, the Court will approve reimbursement in the amount of $13,213.68, to the Law Offices of John L. Burris.

[4/] The total costs and attorney's fees recoverable by the Law Offices of John L. Burris has been reduced from the total requested in the Petition by $27,160.00, which accounts for the costs paid to Ms. Eto. The Court once again notes that the costs requested by the Law Offices of John L. Burris in the Petition were increased in a revised Transaction Detail provided to the Court on April 17, 2013.

annuity.[5/]  The annuity shall be purchased with Prudential Insurance Company of America, located at 751 Broad Street, 23rd Floor, Newark, New Jersey 07102, Telephone Number 973-802-6000.  The check shall be made to "Prudential Assigned Settlement Services Corporation," Tax Identification Number 22-3444614.  The check shall be delivered to Ringler and Associates, Attention Claudia Rios, at 1230 Columbia Street, Suite 970, San Diego, California 92101, <u>as soon as possible.</u>

The Court finds Option 1 of the instant Petition to be in the best interest of Minor D.F.  However, due to the amendments to the Petition amount described by the Court above, Mr. Manuel Valdez of Ringler and Associates may need to recalculate the annuity figures and revise the payment plan for Minor D.F.

The original investment is $138,019.74.  Prudential will issue $500 per month to Petitioner Janet Favreau for the benefit of Minor D.F., starting on May 23, 2013, and continuing through May 23, 2018.  D.F. will receive $10,000 on June 23, 2018, and $10,000 each year until June 23, 2021.  D.F. will receive a lump sum of $30,000 at age 25 on June 23, 2015.  D.F. will receive a final lump sum of the remaining settlement funds at age 30 on June 23, 2030.  However, due to the increase in the original investment, the Court suggests that the payment plan be revised to increase the lump sum payments received each year by Minor D.F., upon turning eighteen years old.  Further, the lifetime yield under Option 1 shall be revised based upon the amended original investment amount.  **If the annuity plan is revised, it will be subject to the Court's review and final approval.**

No alterations or payments to this settlement may be made, unless expressly stated in this Order, without first obtaining an Order of the Court.  Bond is hereby waived.  A copy of this Order shall be delivered to payer.

Upon receipt of the full amount of the settlement sum approved in this Order, and the deposit of the funds, Petitioner is hereby authorized and directed to execute and deliver to

---

[5/] Given the delay in providing the Court with accurate and detailed support for costs incurred and recognizing that this Order is being issued on the very day that funding is to occur, the Court acknowledges and approves a revised funding deadline after April 18, 2013.

payer and Defendants, if Petitioner has not yet done so at that time, a full, complete, and final Release and Discharge of and from any and all claims and demands of Minor D.F., and any other past or potential plaintiff arising from the incident described in the instant Petition and the resulting injuries and damages to Minor D.F. or any other plaintiff.

Further, the checks to the San Diego Injury Law Center and the Law Offices of John L. Burris shall be delivered to the respective firms within 30 days of this Order.

IT IS SO ORDERED.

DATED:  April 18, 2013

_____
Hon. William V. Gallo
U.S. Magistrate Judge